IN THE COUNTY COURT OF THE NINTH
JUDICIAL CIRCUIT IN AN FOR OSCEOLA COUNTY, FLORIDA

CASE NO: 11SC1550 SP

ARIEL MILIAN,

    Plaintiff,

vs.

EXPRESS SCRIPTS, INC.

    Defendant(s).

_____ /

## COMPLAINT

The Plaintiff, ARIEL MILIAN, (hereinafter "Plaintiff"), sues the Defendant, EXPRESS SCRIPTS, INC. (hereinafter "Defendants"), and alleges:

### JURISDICTION

1. This is an action based upon claims arising out of the consumer debt collection which is the subject of complaint.

2. Plaintiff, ARIEL MILIAN, is seeking statutory and actual damages, which do not exceed $2,500.00, exclusive of costs and attorney's fees.

### PARTIES

3. Plaintiff, ARIEL MILIAN, is a consumer residing in Osceola County, Florida.

4. At all times relevant hereto, Defendant, EXPRESS SCRIPTS, INC. was, and still is, a debt collector medical provider doing business in Osceola County, Florida.

### COUNT ONE

### FLORIDA CONSUMER COLLECTION PRACTICES ACT

5. Plaintiff, ARIEL MILIAN, realleges the allegations contained in paragraphs 1 through 4 above and incorporates the same herein.

6. Plaintiff, ARIEL MILIAN, brings this action against Defendant seeking statutory damages for its violations of the Florida Consumer Collections Practices Act, Fla. Stat. §559.55, et seq. (FCCPA) in the transaction which is the subject of the above-styled case. Plaintiff, ARIEL MILIAN alleges:

7. The FCCPA was enacted to protect Florida consumers from creditors and debt collectors who seek to collect debts through illegal means.

8. Plaintiff, ARIEL MILIAN, is a "debtor" and a "consumer" within the meaning of FCCPA, §559.55(2), Fla. Stat. (2009).

9. Defendant, EXPRESS SCRIPTS, INC., is a "debt collector" within the meaning of FCCPA, §559.55(6), Fla. Stat. (2009).

10. The FCCPA prohibits creditors from contacting a consumer when such debt collector knows the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist. See §559.72 (9), Fla. Stat.

11. Defendant, EXPRESS SCRIPTS, INC. was notified on numerous occasions, including on 7/5/11 that the Plaintiff's medical treatment was the result of a workers' compensation case.

12. Specifically on or about 6/1/11, the Plaintiff informed the Defendant, EXPRESS SCRIPTS, INC. that the reason for the medical treatment rendered on 2/17/11 was the result of his workers compensation case of 4/24/08 and therefore should be directed to the workers' compensation carrier, the responsible party. Additionally, his counsel notified the Defendant, EXPRESS SCRIPTS, INC. the same thing on 7/5/11 via letter.

13. Defendant, EXPRESS SCRIPTS, INC. failed to discontinue billing the PLAINTIFF as requested and instead continued to bill the Plaintiff. Defendant's actions as described above violate the Florida Consumer Collections Practices Act, §§559.55, Fla. Stat. et. seq.

14. Defendant, EXPRESS SCRIPTS, INC. knew or should have known that pursuant to section 440.13(3)(g), Florida Statute, a medical provider may not personally bill the Claimant for workers compensation treatment.

15. The FCCPA prohibits creditors from contacting a consumer when such debt collector knows the consumer is represented by legal counsel. See §559.72 (18), Fla. Stat.

16. Defendant, EXPRESS SCRIPTS, INC. contacted Plaintiff on numerous occasions including on 9/3/11 and 10/10/11 after they were notified of counsel involvement on 7/5/11.

17. Specifically on 9/3/11 and 10/10/11, EXPRESS SCRIPTS, INC, sent invoices to Plaintiff and harassed the Claimant over the alleged debt when he informed them that the debt was the responsibility of his workers' compensation carrier.

18. Defendants were placed on notice that the Plaintiff was represented by counsel as of 7/5/11. However, Defendant, EXPRESS SCRIPTS, INC. repeatedly ignored this requirement and contacted Plaintiff directly and circumvented Plaintiff's counsel.

19. As a result of the above-mentioned violations of the Act, Plaintiff has been subjected to unwarranted and illegal collection activities, and therefore, has been harmed.

20. As a result of these violations, Defendant is liable to Plaintiff for actual damages or $1,000.00, whichever is greater, together with Court costs and attorney's fees, as provided by §§559.77, Fla. Stat.

21. It has been necessary for Plaintiff, to retain Sean P. McCormack, Esquire, to defend and prosecute this civil action. His counsel has incurred and will incur costs and other related expenses in prosecuting and defending this action and her counsel is entitled to reimbursement of costs and attorney's fees pursuant to §559.77, Fla. Stat.

WHEREFORE, Plaintiff, requests this Court to enter a judgment against Defendants, as follows:

A. Awarding her statutory damages as provided by §559.77, Fla. Stat.;

B. Awarding attorney's fees and costs; and

C. Grant such other relief as may be deemed just and proper and demands trial by jury of all issues so triable.

## COUNT TWO

## FEDERAL FAIR DEBT COLLECTIONS PRACTICES ACT

22. Plaintiff realleges the allegations contained in paragraphs 1 through 21 above and incorporates the same herein.

23. The FDCPA was enacted to protect consumers from debt collectors who seek to collect debts through unfair means. Any inconsistency between any provisions of Florida Law and the provisions of the Federal Fair Debt Collections Practices Act shall be applied to uphold the provision which is more protective to the debtor. 15 U.S.C. §1692n.

24. Plaintiff is a "consumer" within the meaning of FDCPA, 15 U.S.C. §1962a(3).

25. Defendant is a "debt collector" within the meaning of FDCPA, 15 U.S.C. §1692a(6).

26. FDCPA, 15 1692c, prohibits: (a) Communication with the consumer generally without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt --

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the

attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or

27. Defendant was placed on notice that the Plaintiff was represented by counsel as of 7/5/11. However, Defendant has repeatedly ignored this requirement and contacted Plaintiff directly in writing and circumvented Plaintiff's counsel.

28. It has been necessary for Plaintiff to retain Sean P. McCormack, to defend and prosecute this civil action. His counsel has incurred and will incur costs and other related expenses in prosecuting and defending this action and his counsel is entitled to reimbursement of costs and attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff, requests this Court to enter a judgment against Defendants as follows:

A. Awarding him statutory damages as provided by 15 U.S.C. §1692k(a)(2)(A);

B. Awarding attorney's fees and costs;

C. Granting such other and further relief as maybe deemed just and proper and demands trial by jury of all issues so triable.

RESPECTFULLY submitted this \_\_14\_\_ day of November, 2011

_____
SEAN P. MCCORMACK
Florida Bar No. 15495
COLLING GILBERT WRIGHT & CARTER, LLC
801 North Orange Avenue, Suite 830
Orlando, Florida 32801
Telephone: 407-712-7300
Facsimile: 407-712-7301
*Attorneys for Plaintiff*